| MAGISTRATE'S CRIMINAL MINUTES | FILED IN OPEN COURT | | | |
|---|---|---|---|---|
| REVOCATION PROCEEDINGS | DATE: | 2/14/2022 | @ | 2:10 p.m. |
| | TAPE: | FTR | | |
| | Time In Court: | | Hr | 10 Min |

| MAGISTRATE | JOHN K. LARKINS III | COURTROOM DEPUTY, Cynthia Mercado | | | |
|---|---|---|---|---|---|
| CASE NO: | 1:18-CR-474-TWT | DEFENDANT'S NAME | ERIC ASHFORD HAMILTON | | |
| AUSA: | Samir Kaushal | DEFENDANT'S ATTY | Kendal Silas | | |
| USPO: | Michelle Robinson | Type Counsel | ( ) Retained | ( ) CJA | (X) FDP |

### REVOCATION PROCEEDINGS

| | | |
|---|---|---|
| X | Initial Appearance HELD. | |
| X | Order Appointing Federal Defender Program. | |
| X | Preliminary Hearing SET FOR | 2/17/2022 at 11:00 a.m. |
| | Waiver filed. | |
| X | Final Revocation Hearing SET BEFORE | JUDGE THRASH – 3/9/2022 at 10:00 a.m. |
| | Final Revocation Hearing HELD. | |
| | Defendant ADMITS the allegations as set forth in the petition. | |
| | Court finds defendant HAS violated terms of release/probation. | |
| | Court ordered defendant's release / probation to be: | |
| | Revoked | Terminated | Reinstated/Continued |
| | Vacated | Modified | Written Order to follow |

### BOND/DETENTION PROCEEDINGS

| | |
|---|---|
| X | Government's Motion for Detention [Doc. 25] filed. Detention hearing set for 2/17/22 at 11:00 a.m. |
| X | Temporary Commitment ORDERED. |
| | Order of Detention Pending Final Revocation Hearing. |
| | BOND SET |
| | Non-surety |
| | Surety   ( ) Cash   ( ) Property   ( ) Corporate surety ONLY |
| | SPECIAL CONDITIONS: |
| | |
| | BOND FILED; defendant RELEASED. |
| | Bond NOT EXECUTED. Defendant to remain in Marshal's custody. |

| Defendant: | Eric Ashford Hamilton | Case No.: 1:18-cr-474-TWT | |
|---|---|---|---|
| Date: | 2/14/2022 | | |

MINUTES: Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendant's guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

WITNESSES:

| |
|---|
| |
| |
| |
| |

EXHIBITS:

| |
|---|
| |
| |
| |
| |

| Original Exhibits | | RETAINED by the Court | | RETURNED to counsel |
|---|---|---|---|---|